UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X

In re:                                    Chapter 13
                                          Case #: 19-74043
**KIM M. WILLIS,**

              Debtor.          Assigned Judge:
                                          Hon. Louis A. Scarcella

---------------------------------X

### NOTICE OF MOTION TO ENTER INTO LOSS MITIGATION

    PLEASE TAKE NOTICE, that upon the annexed motion, the Debtor, **KIM M. WILLIS**, by her attorney, will move this court before the Honorable Louis A. Scarcella, Room 970, U.S. Bankruptcy Judge, at the United States Bankruptcy Court on the **22nd** day of **August, 2019**, at **10:00 am**, or as soon thereafter as counsel can be heard, for an Order pursuant to the Loss Mitigation Program Procedures adopted pursuant to 11 U.S.C. 105(a), General Order No. 582 Amending General Order No. 543, directing the Debtor and Seterus, the Creditor, with respect to the property located at 130 Roosevelt Street, Garden City, NY, loan no. 5936, to participate in the Loss Mitigation Program, and for such other and further relief as may seem just and proper.

    Responsive papers shall be filed with the Bankruptcy Court and served upon the debtor's attorney, Adam C. Gomerman, Esq., no later than three (3) days prior to the Hearing date set forth above.

Dated: July 1, 2019

                                                    /s Adam C. Gomerman

                                                    Adam C. Gomerman, Esquire
                                                    Attorney for Debtor
                                                    807 East Jericho Turnpike
                                                    Huntington Station, NY  11746
                                                    (631) 549-1111

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X

In re:                                    Chapter 13
                                          Case #: 19-74043

**KIM M. WILLIS,**

                Debtor.           Assigned Judge:
                                          Hon. Louis A. Scarcella
---------------------------------X

    ADAM C. GOMERMAN, an attorney duly admitted to practice before this Court states:

    1.    I am the attorney of record for the above-captioned debtor, **KIM M. WILLIS**. (hereinafter the "Debtor").

    2.    This affirmation is submitted in support of the application by the Debtor for an entry of an Order allowing the debtor to enter into the Loss Mitigation Program with Seterus, Loan #5936, the mortgage servicer with respect to the debtor's property located at 130 Roosevelt Street, Garden City, NY.

    3.    On June 3, 2019, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York. *See ECF Doc. No. 1.*

    4.    Debtor is an owner of the property located at 130 Roosevelt Street, Garden City, NY (the "Property").

    5.    There is a mortgage held against the Property with an estimated payoff balance of $645,000.00 (the "Mortgage"). The mortgage arrears as of the date of filing were approximately $380,000.00. Said Mortgage is currently serviced by Seterus (last four digits of the loan number 5936).

6.   Debtor is willing to modify the Mortgage and he and his fiance have sufficient income to be approved for a mortgage modification.

7.   As may be evidenced by Schedule I, the debtor's monthly net employment income, combined with her husband's employment income is $8,666.35 per month. Based upon the debtor's proposed budget, the debtor has approximately $4,917.35 available to make a monthly mortgage payment after all other household expenses are made. A copy of the debtor's schedule I and J are annexed hereto as exhibit "A".

8.   The debtor has submitted a proposed loan modification in his chapter 13 plan. This proposes a payment of the full unpaid principal balance at an interest rate of 3.5% over a 480 month term. With this proposal, the target payment would be $4,008.67 (which is comprised of $2,498.67 for the principal and interest and $1,510.00 for the escrows). A copy of the debtor's chapter 13 plan is annexed hereto as Exhibit "B".

9.   Therefore, based upon the Debtor's combined household income, combined with his relatively low household expenses, the undersigned believes that the Debtor has a likelihood of succeeding in loss mitigation.

10.  I have been advised that the debtor has not applied for any loss mitigation options within the last year.

11.  The Law Offices of Adam C. Gomerman will be submitting a complete Request for Mortgage Assistance and all of the necessary documentation to ensure a proper loan modification review will take place and based on the aforementioned reasons, it is respectfully

requested that an Order be issued directing Debtor and Caliber to enter into loss mitigation.

12.    No prior application has been made by the Debtor for the specific relief requested herein.

WHEREFORE, applicant respectfully prays for an Order allowing the debtor to enter into the loss mitigation program with the aforesaid creditor, and that the debtor be granted such other, further and different relief as this court may deem just, proper and equitable.

Dated: July 1, 2019

/s Adam C. Gomerman

Adam C. Gomerman, Esquire
Attorney for Debtor
807 East Jericho Turnpike
Huntington Station, NY  11746
(631) 549-1111

EXHIBIT "A"

**Fill in this information to identify your case:**

Debtor 1: Kim M. Willis

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (If known): 8-19-74043

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

# Official Form 106I
# Schedule I: Your Income    12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Employment

1. Fill in your employment information.

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| Occupation | Production Assistant | Admin |
| Employer's name | Deposition Solutions LLC | Alliance Advisory Group |
| Employer's address | Rockville Centre, NY | Bloomfield, NJ |
| How long employed there? | 5 years | 2 years |

## Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 2,074.82 | $ 9,688.47 |
| 3. | Estimate and list monthly overtime pay. | +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross Income. Add line 2 + line 3. | $ 2,074.82 | $ 9,688.47 |

Debtor 1   Kim M. Willis                                           Case number (if known)   8-19-74043

|     |                                                                                                                                                                                                                                 |       | For Debtor 1 | For Debtor 2 or non-filing spouse |
| --- | --- | --- | --- | --- |
|     | Copy line 4 here                                                                                                                                                                                          | 4.    | $ 2,074.82   | $ 9,688.47 |
| 5.  | List all payroll deductions:                                                                                                                                                                              |       |              |           |
|     | 5a. Tax, Medicare, and Social Security deductions                                                                                                                                                         | 5a.   | $ 338.65     | $ 1,692.79 |
|     | 5b. Mandatory contributions for retirement plans                                                                                                                                                          | 5b.   | $ 0.00       | $ 0.00    |
|     | 5c. Voluntary contributions for retirement plans                                                                                                                                                          | 5c.   | $ 0.00       | $ 0.00    |
|     | 5d. Required repayments of retirement fund loans                                                                                                                                                          | 5d.   | $ 0.00       | $ 0.00    |
|     | 5e. Insurance                                                                                                                                                                                             | 5e.   | $ 0.00       | $ 1,065.50 |
|     | 5f. Domestic support obligations                                                                                                                                                                          | 5f.   | $ 0.00       | $ 0.00    |
|     | 5g. Union dues                                                                                                                                                                                            | 5g.   | $ 0.00       | $ 0.00    |
|     | 5h. Other deductions. Specify:                                                                                                                                                                            | 5h.+  | $ 0.00     + | $ 0.00    |
| 6.  | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h.                                                                                                                                            | 6.    | $ 338.65     | $ 2,758.29 |
| 7.  | Calculate total monthly take-home pay. Subtract line 6 from line 4.                                                                                                                                       | 7.    | $ 1,736.17   | $ 6,930.18 |
| 8.  | List all other income regularly received:                                                                                                                                                                 |       |              |           |
|     | 8a. Net income from rental property and from operating a business, profession, or farm<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a.   | $ 0.00       | $ 0.00    |
|     | 8b. Interest and dividends                                                                                                                                                                                | 8b.   | $ 0.00       | $ 0.00    |
|     | 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c.   | $ 0.00       | $ 0.00    |
|     | 8d. Unemployment compensation                                                                                                                                                                             | 8d.   | $ 0.00       | $ 0.00    |
|     | 8e. Social Security                                                                                                                                                                                       | 8e.   | $ 0.00       | $ 0.00    |
|     | 8f. Other government assistance that you regularly receive<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: | 8f.   | $ 0.00       | $ 0.00    |
|     | 8g. Pension or retirement income                                                                                                                                                                          | 8g.   | $ 0.00       | $ 0.00    |
|     | 8h. Other monthly income. Specify:                                                                                                                                                                        | 8h.+  | $ 0.00     + | $ 0.00    |
| 9.  | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h.                                                                                                                                                  | 9.    | $ 0.00       | $ 0.00    |
| 10. | Calculate monthly income. Add line 7 + line 9.<br>Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.                                                                              | 10.   | $ 1,736.17 + | $ 6,930.18 = $ 8,666.35 |
| 11. | State all other regular contributions to the expenses that you list in Schedule J.<br>Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.<br>Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.<br>Specify: | 11.   | +$ 0.00      |           |
| 12. | Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies | 12.   | $ 8,666.35<br>Combined monthly income |           |
| 13. | Do you expect an increase or decrease within the year after you file this form?<br>■ No.<br>☐ Yes. Explain:                                                                                               |       |              |           |

Official Form 106I                                    Schedule I: Your Income                                                   page 2

**Fill in this information to identify your case:**

Debtor 1: Kim M. Willis

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (If known): 8-19-74043

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:
MM / DD / YYYY

Official Form 106J
# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. Is this a joint case?

    ■ No. Go to line 2.
    ☐ Yes. Does Debtor 2 live in a separate household?
    
    ☐ No
    ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. Do you have dependents?    ☐ No

   Do not list Debtor 1 and Debtor 2.    ■ Yes. Fill out this information for each dependent............

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | daughter | 14 | ☐ No  ■ Yes |
   | son | 17 | ☐ No  ■ Yes |
   | daughter | 19 | ☐ No  ■ Yes |
   | daughter | 20 | ☐ No  ■ Yes |

3. Do your expenses include expenses of people other than yourself and your dependents?    ■ No   ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.    4. $ 0.00

   If not included in line 4:
   
   4a. Real estate taxes    4a. $ 0.00
   4b. Property, homeowner's, or renter's insurance    4b. $ 0.00
   4c. Home maintenance, repair, and upkeep expenses    4c. $ 0.00
   4d. Homeowner's association or condominium dues    4d. $ 0.00

5. Additional mortgage payments for your residence, such as home equity loans    5. $ 0.00

Official Form 106J    Schedule J: Your Expenses    page 1

Debtor 1    Kim M. Willis                                      Case number (if known)    8-19-74043

| | | | | |
|---|---|---|---|---|
| 6. | Utilities: | | | |
| | 6a. Electricity, heat, natural gas | 6a. | $ | 275.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $ | 45.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 200.00 |
| | 6d. Other. Specify: | 6d. | $ | 0.00 |
| 7. | Food and housekeeping supplies | 7. | $ | 800.00 |
| 8. | Childcare and children's education costs | 8. | $ | 0.00 |
| 9. | Clothing, laundry, and dry cleaning | 9. | $ | 150.00 |
| 10. | Personal care products and services | 10. | $ | 0.00 |
| 11. | Medical and dental expenses | 11. | $ | 200.00 |
| 12. | Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | 750.00 |
| 13. | Entertainment, clubs, recreation, newspapers, magazines, and books | 13. | $ | 0.00 |
| 14. | Charitable contributions and religious donations | 14. | $ | 0.00 |
| 15. | Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. Life insurance | 15a. | $ | 0.00 |
| | 15b. Health insurance | 15b. | $ | 0.00 |
| | 15c. Vehicle insurance | 15c. | $ | 543.00 |
| | 15d. Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ | 0.00 |
| 17. | Installment or lease payments: | | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $ | 0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c. Other. Specify: Husband's Car Payments | 17c. | $ | 488.00 |
| | 17d. Other. Specify: Husband's 2nd Car Payments | 17d. | $ | 298.00 |
| 18. | Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I). | 18. | $ | 0.00 |
| 19. | Other payments you make to support others who do not live with you. Specify: | 19. | $ | 0.00 |
| 20. | Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income. | | | |
| | 20a. Mortgages on other property | 20a. | $ | 0.00 |
| | 20b. Real estate taxes | 20b. | $ | 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | Other: Specify: | 21. | +$ | 0.00 |

22. Calculate your monthly expenses
    22a. Add lines 4 through 21.                                                          $         3,749.00
    22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2   $
    22c. Add line 22a and 22b. The result is your monthly expenses.                        $         3,749.00

23. Calculate your monthly net income.
    23a. Copy line 12 (your combined monthly income) from Schedule I.         23a.  $    8,666.35
    23b. Copy your monthly expenses from line 22c above.                      23b. -$    3,749.00

    23c. Subtract your monthly expenses from your monthly income.
         The result is your monthly net income.                               23c.  $    4,917.35

24. Do you expect an increase or decrease in your expenses within the year after you file this form?
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ■ No.
    ☐ Yes.    Explain here:

EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X          CHAPTER 13
IN RE:                                                             CASE NO.:19-74043

      KIM M. WILLIS,


               DEBTOR(S).
-------------------------------------------------------X

# CHAPTER 13 PLAN

☒ Check this box if this is an amended plan. List below the sections of the plan which have been changed:
5
_____

## PART 1: NOTICES

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstance or that it is permissible in your judicial district. Plans that do not comply with the local rules for the Eastern District of New York may not be confirmable. If you do not have an attorney, you may wish to consult one.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**1.1**: The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both or neither boxes are checked, the provision will be ineffective if set out later in the plan.***

| a. | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
|---|---|---|---|
| b. | Avoidance of a judicial lien or nonpossessory, non-purchase-money security interest, set out in Section 3.6 | ☐ Included | ☒ Not included |
| c. | Nonstandard provisions, set out in Part 9 | ☐ Included | ☒ Not Included |

**1.2**: The following matters are for informational purposes.

| a. | The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence, set out in Section 3.3 | ☒ Included | ☐ Not included |
|---|---|---|---|
| b. | Unsecured Creditors, set out in Part 5, will receive 100% distribution of their timely filed claim | ☒ Included | ☐ Not included |

## PART 2: PLAN PAYMENTS AND LENGTH OF PLAN

**2.1:** The post-petition earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall pay to the Trustee for a period of 60 months as follows:

$4,598.00 per month commencing July, 2019 through and including June, 2024 for a period of 60 months; and

$_____ per month commencing_____ through and including_____ for a period of _____ months. *Insert additional lines if needed.*

### 2.2: Income tax refunds.

If general unsecured creditors are paid less than 100%, in addition to the regular monthly payments, during the pendency of this case, the Debtor(s) will provide the Trustee with signed copies of filed federal and state tax returns for each year commencing with the tax year 2019, no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the Trustee upon receipt, however, no later than June 15th of the year in which the tax returns are filed.

### 2.3: Additional payments.

*Check one.*
　　☒ **None.** *If "None" is checked, the rest of §2.3 need not be completed.*
　　☐ Debtor(s) will make additional payment(s) to the Trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____
_____

## PART 3: TREATMENT OF SECURED CLAIMS

### 3.1: Maintenance of payments (including the debtor(s)'s principal residence).

*Check one.*
☒ **None.** *If "None" is checked, the rest of §3.1 need not be completed.*
　　☐ Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s).

| Name of Creditor | Last 4 Digits of Account Number | Principal Residence (check box) | Description of Collateral | Current Installment Payment (including escrow) |
|---|---|---|---|---|
|  |  | ☐ |  |  |
|  |  | ☐ |  |  |
|  |  | ☐ |  |  |
|  |  | ☐ |  |  |

*Insert additional lines if necessary.*

### 3.2: Cure of default (including the debtor(s)'s principal residence).

*Check one.*

☒ **None.** *If "None" is checked, the rest of §3.2 need not be completed.*

☐ Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts listed below are controlling.

| Name of Creditor | Last 4 Digits of Acct No. | Principal Residence (check box) | Description of Collateral | Amount of Arrearage | Interest Rate (if any) |
|---|---|---|---|---|---|
| | | ☐ | | | |
| | | ☐ | | | |
| | | ☐ | | | |
| | | ☐ | | | |

*Insert additional lines if necessary.*

### 3.3: Modification of a mortgage secured by the debtor(s)'s principal residence.

*Check one.*

☐ The debtor(s) is not seeking to modify a mortgage secured by the debtor's principal residence.

☒ The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence.
     ~~Complete paragraph below.~~

☒ If applicable, the debtor(s) will be requesting loss mitigation pursuant to General Order #582.

The mortgage due to <u>Seterus</u> (creditor name) on the property known as <u>130 Roosevelt Street, Garden City, NY</u> under account number ending <u>5936</u> (last four digits of account number) is in default. All arrears, including all past due payments, late charges, escrow deficiency, legal fees and other expenses due to the mortgagee totaling $<u>645,000.00</u>, may be capitalized pursuant to a loan modification. The new principal balance, including capitalized arrears will be $<u>645,000.00</u>, and will be paid at <u>3.5</u>% interest amortized over <u>40</u> years with an estimated monthly payment of $<u>4,008.67</u> including interest and escrow of $<u>1,510.00</u>. The estimated monthly payment shall be paid directly to the trustee while loss mitigation is pending and until such time as the debtor(s) has commenced payment under a trial loan modification. Contemporaneous with the commencement of a trial loan modification, the debtor(s) will amend the Chapter 13 Plan and Schedule J to reflect the terms of the trial agreement, including the direct payment to the secured creditor going forward by the debtor(s).

### 3.4: Request for valuation of security, payment of fully secured claims, and modification of under-secured claims.

*Check one.*

☒ **None.** *If "None" is checked, the rest of §3.4 need not be completed.*

***The remainder of this paragraph is only effective if the applicable box in Part 1 of this plan is***

***checked.***

☐ The debtor(s) shall file a motion to determine the value of the secured claims listed below. Such claim shall be paid pursuant to order of the court upon determination of such motion.

| Name of Creditor | Last 4 Digits of Acct No. | Description of Collateral | Value of Collateral | Total Amount of Claim | Estimated Amount of Creditor's Secured Claim | Estimated Amount of Creditor's Unsecured Claim |
|---|---|---|---|---|---|---|
| | | | | | | |

*Insert additional claims as needed.*

### 3.4: Secured claims on personal property excluded from 11 U.S.C. §506.

*Check one.*
☒ **None.** *If "None" is checked, the rest of §3.5 need not be completed.*
☐ The claims listed below were either:
  o  Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or
  o  incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid pursuant to §3.1 and/or §3.2. (The claims must be referenced in those sections as well.) Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Last 4 Digits of Acct No. | Collateral | Amount of Claim | Interest Rate |
|---|---|---|---|---|
| | | | | |

*Insert additional claims as needed.*

### 3.5: Lien avoidance.

*Check one.*

☒ **None.** *If "None" is checked, the rest of §3.6 need not be completed.*

***The remainder of this paragraph is only effective if the applicable box in Part 1 of this plan is checked.***

☐ The debtor(s) shall file a motion to avoid the following judicial liens or nonpossessory, non-purchase money security interests as the claims listed below impair exemptions to which the debtor(s) are entitled under 11 U.S.C. §522(b) or applicable state law. See 11 U.S.C. §522(f) and Bankruptcy Rule 4003(d). Such claim shall be paid pursuant to order of the court upon determination of such motion.

| Name of Creditor | Attorney for Creditor | Lien Identification | Description of Collateral | Estimated Amount of Secured Claim | Interest Rate on Secured Portion, if any | Estimated Amount of Unsecured Claim |
|---|---|---|---|---|---|---|
| | | | | | | |

*Insert additional claims as needed.*

### 3.6: Surrender of collateral.

*Check one.*

☒ **None.** *If "None" is checked, the rest of §3.7 need not be completed.*
☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated. Any timely filed allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Last 4 Digits of Acct No. | Description of Collateral |
|---|---|---|
| | | |

*Insert additional claims as needed.*

## PART 4:  TREATMENT OF FEES AND PRIORITY CLAIMS

### 4.1: General.

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in §4.5, will be paid in full without post-petition interest.

### 4.2: Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### 4.3: Attorney's fees.

The balance of the fees owed to the attorney for the debtor(s) is $5,000.00.

### 4.4: Priority claims other than attorney's fees and those treated in §4.5.

*Check One.*

 ☒**None.** *If "None" is checked, the rest of §4.4 need not be completed.*
 ☐The debtor(s) intend to pay the following priority claims through the plan:

| Name of Creditor | Estimated Claim Amount |
|---|---|
|  |  |

*Insert additional claims as needed.*

### 4.5: Domestic support obligations.

*Check One.*

 ☒**None.** *If "None" is checked, the rest of §4.5 need not be completed.*
 ☐The debtor(s) has a domestic support obligation and is current with this obligation. *Complete table below; do not fill in arrears amount.*
 ☐The debtor(s) has a domestic support obligation that is not current and will be paying arrears through the Plan. *Complete table below.*

| Name of Recipient | Date of Order | Name of Court | Monthly DSO Payment | Amount of Arrears to be Paid through Plan, If Any |
|---|---|---|---|---|
|  |  |  |  |  |

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims will be paid pro rata:

☐ Not less the sum of $_____.
☒ Not less than 100% of the total amount of these claims.
☐ From the funds remaining after disbursement have been made to all other creditors provided for in this plan.

If more than one option is checked, the option providing the largest payment will be effective.

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1: The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of §6.1 need not be completed.*
☐ **Assumed items.** Current installment payments will be paid directly by the debtor(s) as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee.

| Name of Creditor | Description of Leased Property or Executory Contract | Current Installment Payment by Debtor | Amount of Arrearage to be Paid by Trustee |
|---|---|---|---|
| | | | |

## PART 7: VESTING OF PROPERTY OF THE ESTATE

Unless otherwise provided in the Order of Confirmation, property of the estate will vest in the debtor(s) upon completion of the plan.

## PART 8: POST-PETITION OBLIGATIONS

**8.1:** Post-petition mortgage payments, vehicle payments, real estate taxes, and domestic support obligations are to be made directly by the debtor(s) unless otherwise provided for in the plan.

**8.2:** Throughout the term of this Plan, the debtor(s) will not incur post-petition debt over $2,500.00 without written consent of the Trustee or by order of the Court.

## PART 9: NONSTANDARD PLAN PROVISIONS

**9.1: Check "None" or list nonstandard plan provisions.**

&boxtimes;**None.** *If "None" is checked, the rest of §9.1 need not be completed.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the form plan or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "included" in §1.1(c).***

_____

_____

_____

_____


## PART 10: CERTIFICATION AND SIGNATURE(S):

**10.1:** I/we do hereby certify that this plan does not contain any nonstandard provisions other than those set out in the final paragraph.

/s Kim M. Willis
_____                     _____
Signature of Debtor 1                              Signature of Debtor 2

Dated: 7/2/19                                      Dated: _____

/s Adam C. Gomerman
_____
Signature of Attorney for Debtor(s)

Dated: 7/2/19

```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
In re:                                  Chapter 13
                                        Case #: 19-74043
KIM M. WILLIS,                          AFFIDAVIT OF MAILING

                    Debtor.             Assigned Judge:
                                        Hon. Louis A. Scarcella
---------------------------------X
```

Dena Maisano, being duly sworn, deposes and says:

1.  I am not a party to this action, I am over eighteen years of age and reside in East Northport, New York.

2.  On July 10, 2019, I served a copy of the attached Motion, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to:

Marianne DeRosa, Trustee
125 Jericho Quadrangle, Suite 127
Jericho, NY 11753

Office of the U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY  11722-4456

Friedman Vartolo LLP
85 Broad Street
Suite 501
New York, NY 10004

Seterus
P.O. Box 1077
Hartford, CT 06143

Dated:   Huntington Station, New York
         July 10, 2019

/s Dina Maisano
_____
Dina Maisano

Sworn to before me this
10th day of July, 2019

/s Adam C. Gomerman
_____
Notary Public